**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT EARL LEE, | : | PRISONER CIVIL RIGHTS |
| GDC No. 1032525, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3683-TWT-CCH |
| | : | |
| COBB COUNTY POLICE | : | |
| DEPARTMENT PRECINCT 3; | : | |
| AARON J. BELT; STEPHEN L. | : | |
| NOLEN; et al., | : | |
|     Defendants. | : | |

## **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any

evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 3rd day of May, 2012.

$\underline{\hspace{3in}}$
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROBERT EARL LEE, : | PRISONER CIVIL RIGHTS |
| GDC No. 1032525, : | 42 U.S.C. § 1983 |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:11-CV-3683-TWT-CCH |
| : | |
| COBB COUNTY POLICE : | |
| DEPARTMENT PRECINCT 3; : | |
| AARON J. BELT; STEPHEN L. : | |
| NOLEN; et al., : | |
|     Defendants. : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Robert Earl Lee's civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status, and the matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A.

I.    <u>28 U.S.C. § 1915A Frivolity Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either

in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *Id.* at 737-38.

II. Discussion

Plaintiff has sued the Cobb County Police Department, Precinct 3, Cobb County Police Officer Aaron Belt, Cobb County Detective D. Dunkenton, Cobb County State Court Solicitor General, and three Sam Smart Food Store representatives. Plaintiff essentially complains that the defendants unlawfully conspired to, and did, engage in an unlawful search and seizure of his vehicle and

2

apartment and falsely arrested and imprisoned him on charges of loitering, prowling, and no proof of insurance. Plaintiff seeks monetary relief.[1]

B. Plaintiff's Claims

1. False Arrest and False Imprisonment

Pretermitting whether several parties Plaintiff has named are proper parties in a § 1983 action, Plaintiff has failed to state a claim for relief under § 1983. In order to recover damages for an allegedly unconstitutional imprisonment, Plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);

---

[1] Plaintiff also seeks for this Court to order the Cobb County police to provide "more frequent training." Such relief essentially is a request for a writ of mandamus. Pursuant to 28 U.S.C. § 1361, this Court has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It is well settled, however, that federal courts have no power to issue writs of mandamus against state actors. *See e.g., Brown v. Lewis*, 361 F. App'x 51, 56 (11th Cir. 2010) ("'[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. . .'") (quoting *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973)). As the Cobb County police are state actors and not officers or employees of the United States, this Court cannot grant Plaintiff the equitable relief that he seeks.

3

*Simpson v. Stewart*, 386 F. App'x 859, 860 (11th Cir. 2010). The undersigned takes judicial notice of the Cobb County State Court records that show that Plaintiff entered a guilty plea to the loitering and prowling charges in exchange for a *nolle prosse* of the insurance charge. *See Redner v. Citrus Cty., Fla.*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court criminal proceeding). As such, Plaintiff cannot demonstrate that his convictions have been so invalidated.[2] Because his false arrest and false imprisonment claims would implicate the validity of the loitering and prowling convictions, these claims are barred by *Heck*. *See Taylor v. Freeman*, 447 F. App'x 78, 80 (11th Cir. 2011) (finding false arrest and false imprisonment claims were barred by *Heck* under § 1983 because those claims would implicate the validity of the convictions); *accord Domotor v. Wennet*, 356 F. App'x 316, 316 (11th Cir. 2009).

---

[2] To the degree that this Court could construe any of Plaintiff's allegations as a challenge to his convictions, habeas corpus, rather than section 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff, however, may not file a 28 U.S.C. § 2254 federal habeas corpus petition until he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Tooten v. Shevin*, 493 F.2d 173, 175 (5th Cir. 1974). Because it appears that Plaintiff has not exhausted his state court remedies, any habeas challenge to his conviction is not ripe for this Court's review.

4

### 2. Search and Seizure

Plaintiff's claim for illegal search and seizure is time-barred. Federal courts apply their forum state's statute of limitations for actions brought pursuant to § 1983. *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996); *Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir. 1983). The Georgia two-year statute of limitations, therefore, applies to this action. *See Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006); *Williams v. City of Atlanta*, 794 F.2d 624 (11th Cir. 1986).

The statute of limitations for a § 1983 action begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citations omitted). "It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." *Mcnair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) (citations omitted); *see also Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (holding a cause of action accrues when "the plaintiff knows or has reason to know that he has been injured" and "is aware or should have been aware who has inflicted the injury").

5

The alleged illegal searches and seizures about which Plaintiff complains occurred on September 2, 2009, and September 4, 2009. Thus, the latest these claims would have accrued would have been on September 4, 2009. Because Plaintiff did not sign the instant action until September 22, 2011, over two years later, his Fourth Amendment search and seizure claims are time-barred.[3]

In the context of an *in forma pauperis* frivolity determination pursuant to 28 U.S.C. § 1915, "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *McKenzie v. United States Dep't of Justice, Drug Enforcement Agency*, 143 F. App'x 165, 167-68 (11th Cir. 2005) (citations omitted). This Court is authorized to dismiss a prisoner's complaint as time-barred prior to service if it appears "beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." *Id.* at 168 (citations omitted). Because it appears beyond a doubt from Plaintiff's complaint that he can prove no set of facts

---

[3] Although the complaint was filed in this Court on October 26, 2011, under the "mailbox rule" it is deemed to be filed on the date Plaintiff signed it, which was September 22, 2011. *See Lewis v. Barnick*, 385 F. App'x 930, 931 (11th Cir. 2010) (applying the prison mailbox rule to prisoner's § 1983 complaint).

6

which would avoid a statute of limitations bar, his illegal search and seizure claims are dismissed under § 1983.

II. Conclusion

Based on the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the instant complaint be **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 3rd day of May, 2012.

$_____$
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)